FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAR 27 PM 2:28
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVITA INC., successor to
Gambro Healthcare, Inc.,

    Plaintiff,

v.

    CASE NO. CV417-131

ST. JOSEPH'S/CANDLER HEALTH
SYSTEMS, INC., d/b/a The Care
Network,

    Defendant.

## O R D E R

Before the Court is Plaintiff Davita Inc.'s Motion to Remand and for Payment of Costs. (Doc. 8.) For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. As a result, this case is **REMANDED** to the State Court of Chatham County, Georgia. Plaintiff's request for attorneys' fees is **DENIED**.

### BACKGROUND

This case involves the alleged failure to pay the contractually agreed upon fees for the provision of medical services. According to the complaint, Plaintiff provides medical services to individuals enrolled in a health insurance plan Defendant offers to eligible employees. (Doc. 1, Compl. ¶¶ 1,4.) The services Plaintiff provides to

Defendant's insureds, along with the fee schedule for those services, are governed by a contractual agreement between Plaintiff and Defendant. (Id. ¶¶ 5-8.) Plaintiff alleges that it provided covered services to a covered employee, but was not paid the proper contract rate. (Id. ¶¶ 10-14.)

Based on this alleged breach, Plaintiff filed suit in the State Court of Chatham County. (Id., Compl.) In the complaint, Plaintiff claims that Defendant breached its obligations under the contract by failing to remit full payment for these services. (Id. ¶ 14.) Plaintiff seeks damages of $2,044,505.98 in principal, plus statutory interest pursuant to O.C.G.A. § 7-4-16. (Id. ¶ 15.) Defendant timely removed the complaint to this Court, pursuant to 28 U.S.C. § 1331, based on the presence of federal claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461. (Id.)

In its Motion to Remand, Plaintiff argues that it has alleged only a state law claim for breach of the contractual agreement between it and Defendant, not any benefit plan subject to ERISA. (Doc. 8 at 4-8.) According to Plaintiff, it can elect between bringing a claim under ERISA or state law, and has purposefully drafted the complaint in this case to avoid the former. (Id.) In

2

response, Defendant generally argues that this case is removable because Plaintiff could have brought its claim under ERISA. (Doc. 15 at 8-12.)

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. <u>See</u> 28 U.S.C. § 1447(c). When a defendant removes a case filed in state court, the defendant normally has the burden of proving the existence of federal subject matter jurisdiction. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). One type of case for which district courts have original jurisdiction are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. These cases are typically referred to as cases involving a federal question.

3

Whether a case involves a federal question is determined by evaluating the plaintiff's complaint for a federal cause of action. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9-10 (1983). Even where a plaintiff's complaint alleges only state law claims, the case may be removed "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). One such statute is ERISA. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). As the Supreme Court has acknowledged,

> Congress enacted ERISA to protect . . . the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts. The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern.

Id. at 208 (internal citations and quotations omitted). ERISA's civil enforcement provision, § 502(a), codified at 29 U.S.C. § 1132(a), "has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Conn. State Dental

4

Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009) (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987)).

In Davila, the Supreme Court of the United States laid out the test for determining whether state law claims are completely[1] preempted by ERISA: "(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." Conn. State Dental, 591 F.3d at 1345. Generally, healthcare providers are not subject to complete preemption because they are neither beneficiaries nor participants under ERISA. Id. at 1346 (quoting Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1241 (11th Cir. 2001)). Additionally, healthcare providers generally have claims that "are not the type of claims that could be brought under § 502(a) because they do not 'duplicate[ ], supplement [ ], or supplant[ ] the ERISA civil enforcement remedy.'" Id. at 1346-47 (quoting Davila, 542 U.S. at 209) (alterations in original). However, a healthcare provider acquires derivative standing to bring an ERISA claim when a

---

[1] There are two types of preemption. Complete preemption and defensive preemption. While complete preemption allows a defendant to remove a state law complaint to federal court, defensive preemption "provides only an affirmative defense to state law claims and is not a basis for removal." Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 n.6 (11th Cir. 2003).

participant or beneficiary signs a written assignment of his right to obtain medical benefits. Id. at 1347 (citing Hobbs, 276 F.3d at 1241).

The Eleventh Circuit Court of Appeals has recognized that a healthcare provider may end up with either an assigned ERISA claim and an independent state law claim, or both. Id. Under these circumstances, an assignment of benefits is irrelevant if the healthcare provider has alleged only an independent state law claim. Id. (citing Sheridan Healthcorp., Inc. v. Neighborhood Health P'ship, Inc., 459 F. Supp. 2d 1269, 1274 (S.D. Fla. 2006)). As a result, a party may not invoke this Court's federal question jurisdiction where a healthcare provider has alleged only an independent state law claim. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 947 (9th Cir. 2009) (noting plaintiff's state law claims not preempted despite plaintiff having been paid part of charges pursuant to assignment from patient); Lone Star OB/GYN Assocs. v. Aetna Health Inc., 579 F.3d 525, 531-32 (5th Cir. 2009) (acknowledging that while provider agreement and plan cross-referenced each other and plan might be necessary to determine correct payment, plaintiff's claims were not subject to preemption because they arose independently of plan); Franciscan Skemp

Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund, 538 F.3d 594, 597-98 (7th Cir. 2008) (finding no preemption where plaintiff could bring claim under ERISA, but only alleged independent state law claim); Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004).

In this case, it is clear that Plaintiff has carefully crafted its complaint to allege only a state law claim based on Defendant's purported breach of the agreement to provide medical services to Defendant's insureds. At no point in the complaint does Plaintiff either mention ERISA or base any allegation on a claim that an insured may have against Defendant. Therefore, Plaintiff has not implicated any written assignment, which becomes completely irrelevant to the determination of whether Plaintiff's claim is preempted by ERISA. Because this Court lacks jurisdiction over Plaintiff's claim, the Court must grant Plaintiff's request that this case be remanded to the State Court of Chatham County. However, the Court concludes that Plaintiff is not entitled to attorneys' fees because Defendant had an "objectively reasonable basis" for attempting to remove this case. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Therefore, that portion of Plaintiff's motion is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand and for Payment of Costs (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**. As a result, this case is **REMANDED** to the State Court of Chatham County, Georgia. Plaintiff's request for attorneys' fees is **DENIED**.

SO ORDERED this **27th** day of March 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA